UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TIDEWATER INC. and SUBSIDIARIES    *    CIVIL ACTION
and TIDEWATER FOREIGN SALES
CORPORATION

V.    *    NO. 06-875

UNITED STATES OF AMERICA    *    SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion for partial summary judgment. For the following reasons, the motion is DENIED.

Background

This is an action arising under the internal revenue laws of the United States for the recovery of income tax and interest in the amount of $11,386,533 assessed against and collected from the plaintiffs for the years of 1998-2000. The plaintiffs allege they are entitled to a refund of taxes pursuant to the application of former 26 U.S.C. §§ 921-929, regarding governed the taxation of foreign sales corporations and the deductibility of foreign sales corporation commissions.

1

The plaintiffs now move for partial summary judgment regarding the claim of Tidewater, Inc. only, which claims the Internal Revenue Service erroneously assessed and collected $8,990,535 between the years of 1998 to 2000.  Tidewater claims that its time charter agreements qualify for tax deductions of foreign sales commissions under the Foreign Sales Corporation Act, 26 U.S.C. § 927, and applicable regulations because the time charters contain a leasing element.[1]  Alternatively, Tidewater argues that its time charters qualify for treatment under the Foreign Sales Corporation Act because, although the time charters are hybrid contracts containing leasing elements and service elements, the income derived from the contracts is primarily from the leasing element. Therefore, the time charter agreements are fundamentally categorized as leases.

The Government opposes the motion, arguing that the Act does not allow bifurcation of contracts for tax deductions; rather, the Act requires that a contract must be qualified as either a lease or as a service contract.  The Government argues that Tidewater is not entitled to claim foreign sales commission deductions because the tax benefits do not apply to lease or rental income from charters executed between Tidewater's owner and operating companies.  The Government argues that the vessels leased to Tidewater's operating companies are not subsequently subleased to unrelated parties, which would produce income qualifying for tax benefits under the

---

[1] The Foreign Sales Corporation Act was repealed in 2000.

2

Act; instead, the Government contends that the vessels are <u>chartered</u> to Tidewater's customers, which means the character of the contracts is one of service, not lease.  Thus, the Government argues, the time charter agreements do not qualify as "export property" as defined by the Act.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See <u>id</u>.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  <u>Id</u>. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving

party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

The Court must determine whether Tidewater's time charter agreements executed qualify for tax benefits under the Foreign Sales Corporation Act.  Tidewater has included numerous and voluminous exhibits, presenting its tax returns for the tax period in question, contracts from time periods not at issue, one blank form time charter agreement, and affidavits from employees of various companies describing the characteristics of Tidewater's time charter agreements and the parties with whom Tidewater contracted.

But Tidewater does not provide the Court with actual executed time charter agreements for the relevant periods, years 1998 to 2000. Without the actual contracts, no determination of whether or not the contracts qualify for treatment under the Act can be made because the Court cannot initially determine whether Tidewater's vessels were subleased to unrelated parties.  If the Court were

able to complete the first step in the analysis, the Court may be able then to determine the characteristics of the time charter and whether the time charters qualify for treatment under the Act.

Accordingly, because genuine issues of material fact exist regarding the nature and character of Tidewater's time charter agreements, and because the record in incomplete and inadequate, Tidewater's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, August 14, 2007.

_____
Martin L. C. Feldman
United States District Judge